UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                      DECISION AND ORDER
          v.                                          08-CR-090A

JEFFREY ROBERT ARENBURG,

                    Defendant.

---

       The defendant was convicted of assaulting a federal officer in violation of 18 U.S.C. § 111.  On appeal, he challenged his conviction asserting that he was not competent to stand trial.  After finding that the defendant's behavior at trial established reasonable cause to question his mental competency, the Second Circuit remanded the matter for a determination as to "whether [this Court] can make a retrospective determination regarding [defendant Arenberg's] competence" to stand trial in May 2008.  See United States v. Arenburg, 605 F.3d 164 (2d Cir. 2010).[1]  If such a determination is possible, the Circuit has instructed that this Court make the determination as to whether Arenburg was competent to stand trial.

       Upon review of the matter and after consultation with the counsel for the government and the defendant,[2] the Court finds that it is not possible to make a

---

   [1] Familiarity with the Circuit's ruling and the proceedings in this case is assumed.

   [2] This Court appointed the Federal Public Defender to represent defendant Arenburg, who was not present at the proceeding.  Counsel has not had an opportunity to consult with the defendant, who has since served his time for the conviction and has been released back to Canada.  However, this Court has been advised by the Assistant United States Attorney that defendant Arenburg has previously expressed his desire to abandon his appeal.  It is unknown

retrospective determination as to whether defendant Arenburg was competent to stand trial.

As the Circuit noted, there are inherent difficulties in retrospective competency evaluations and therefore, such evaluations are disfavored. See Drope v. Missouri, 420 U.S. at 162, 183 (1975)(noting "the inherent difficulties of such a *nunc pro tunc* determination under the most favorable circumstances"); Pate v. Robinson, 383 U.S. 375, 387 (1966)("[W]e have previously emphasized the difficulty of retrospectively determining an accused's competence to stand trial. The jury would not be able to observe the subject of their inquiry, and expert witnesses would have to testify solely from information contained in the printed record."); United States v. Auen, 846 F.3d 872, 878-79 (2d Cir. 1988)(recognizing that "*nunc pro tunc* competency evaluations are disfavored"). "Nevertheless, retrospective competency determinations 'are permissible whenever a court can conduct a meaningful hearing to evaluate retrospectively the competency of the defendant.'" Lewis v. Zon, 573 F. Supp.2d 804, 822 (S.D.N.Y. 2008)(quoting Maynard v. Boone, 468 F.3d 665, 675 (10th Cir. 2006)). Some factors to be considered in making that determination include:

> (1) [t]he passage of time, (2) the availability of contemporaneous medical evidence, including medical records and prior competency determinations, (3) any statements by the defendant in the trial record, and (4) the availability of individuals and trial witnesses, both experts and non-experts, who were in a position to interact with defendant before and during trial, including the trial judge, counsel for both the government and defendant, and jail officials.

Id. (quoting McGregor v. Gibson, 248 F.3d 946, 962-63 (10th Cir. 2001) (en banc)).

---

whether defendant Arenburg is presently competent to make that decision.

Consideration of those factors demonstrates that a meaningful determination is no longer possible.  With regard to the first and second factors, several years have passed since the defendant's trial.  There are no medical records documenting the defendant's mental condition at the time of trial.  The most recent medical reports are February 2008 psychiatric reports mentioned in the Circuit's decision, wherein the defendant was found to be competent to stand trial despite his schizophrenia.  As the Circuit noted, however, those reports were issued two months before trial and it is possible that the defendant's mental condition had deteriorated by the time of trial.  The Court is not aware of any psychiatric evaluations having been performed after trial.  Any psychiatric examination performed at this juncture - several years after trial - would not likely inform the decision as to whether the defendant was competent to stand trial back in May 2008.

With regard to the third factor, the defendant's statements during trial, the Circuit noted that the defendant made a number of statements at trial that suggest he failed to understand the nature and object of the proceedings against him.  The defendant's cross-examination was focused on the nonsensical view that the government was broadcasting "microwave channels."  He did not challenge government's claim that he had assaulted a federal officer.  In fact, he admitted it.

On the other hand, as the Court noted in its Decision and Order denying defendant's motion for a new trial, the defendant also exhibited some understanding of the proceedings.  He was not disruptive, he displayed appropriate demeanor and he was respectful of the Court's rulings.  He asked to be returned to his cell at the conclusion of each day so as to prepare for the next day's proceedings.  He requested permission to

call a doctor to testify about a prior back injury, believing that somehow relevant to the proceedings at hand.  When the government raised an issue about the defendant's competency to proceed *pro se*, the defendant objected and there was a rational basis for that objection.  The defendant had previously been committed to a mental institution for many years after committing a violent crime.  The defendant's insistence on standing trial and foregoing a potential insanity defense was grounded on his somewhat rational preference to avoid being committed to a mental health facility for an indefinite period of time, in favor of a definite period of incarceration in prison.  By the time the defendant's appeal was argued before the Circuit Court, the defendant had already served his sentence for this conviction and had been released to Canada.[3]

There is no question that Arenburg's statements at trial were consistent with his paranoid schizophrenia diagnosis.  The Court does not believe the defendant was feigning mental illness in order to receive a favorable verdict.  Notably, however, that behavior was consistent with the behavior he had exhibited back in January, February and April of 2008, when he was found to be competent to stand trial despite his schizophrenia.   "The fact that a person suffers from a mental illness does not mean that he's incompetent to stand trial. He need only be able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in certain critical decisions, such as whether to appeal." Price v.

---

[3] After the Circuit remanded this case but before the mandate was issued, the defendant sent a letter to the Assistant United States Attorney expressing his desire to "drop everything witch [sic] has to do with this case" to "remain in Canada and move on with [his] life." He reiterated his preference for allowing the conviction to stand "upon finding that I was competent to stand trial."

Thurmer, 637 F.3d 831 (7th Cir. 2011)(citing Drope v. Missouri, 420 U.S. 162, 171–72 (1975) and Dusky v. United States, 362 U.S. 402 (1960)).  Whether defendant Arenburg's mental illness had deteriorated to the point where he was no longer competent to stand trial is a question that cannot be answered retrospectively.  Further hindering this Court's determination of the issue is the fact that Arenburg proceeded to trial *pro se*, and his standby counsel is now deceased and therefore unavailable to provide testimony as to the nature of his communications with the defendant during trial.  Given the unavailability of standby counsel, the Court finds that a retrospective competency determination is simply not possible at this juncture.

## **CONCLUSION**

For the reasons stated, the Court answers the Circuit's first question in the negative and finds it impossible to make a retrospective determination as to the defendant's competency to stand trial.  Although that likely means the defendant's conviction should be vacated, it is not clear that this Court is authorized to determine that issue.  The Circuit remanded the matter:

> pursuant to United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), in order to allow the district court to consider: (1) whether it can make a retrospective determination regarding defendant's competence; and, if it concludes that such a determination is possible, (2) whether, notwithstanding the pretrial competence findings by the magistrate judge, defendant was competent to stand trial throughout the proceedings.

United States v. Arenburg, 605 F.3d 164, 171-72 (2d Cir. 2010).  The Circuit did not further authorize this Court to consider whether the conviction should be vacated if either question was answered in the negative.  It appears that the Court of Appeals reserved

that determination for itself in a subsequent appeal.


      SO ORDERED.

                                    *s/ Richard J. Arcara*
                                    HONORABLE RICHARD J. ARCARA
                                    UNITED STATES DISTRICT JUDGE

DATED: June 13, 2011